UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JING REN CHEN (aka Baozhong Li) and LIMING YU,

                               Plaintiffs,

          -against-

CITY OF NEW YORK, POLICE OFFICER JAMES
MALONE (Tax Registry # 935236; Shield # 31420),
POLICE OFFICER JOSEPH McGOVERN
(Shield # 01278), POLICE OFFICER LARS
FRANTZEN (Tax Registry # 936615; Shield # 30801),
POLICE OFFICER WILLIAM MUGNO (Shield # 1366),
POLICE OFFICER JOHN DOE 1, POLICE OFFICER
JOHN DOE 2, POLICE OFFICER JOHN DOE 3,
POLICE OFFICER JOHN DOE 4, POLICE OFFICER
JOHN DOE 5, and POLICE OFFICER JANE DOE,

                            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ECF CASE**

2008 CIV. 6479

**COMPLAINT
and
DEMAND FOR JURY
TRIAL**

## COMPLAINT and DEMAND FOR JURY TRIAL
### (CIVIL RIGHTS)
### JURISDICTION

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress deprivations of constitutional and civil rights committed under color of state law. Jurisdiction is invoked under 28 U.S.C. §§ 1331(a) and 1343(3). Plaintiffs also invoke the supplemental jurisdiction of this Court. (28 U.S.C. § 1367). This complaint is in compliance with Rule 20 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 20.

2. Plaintiffs demand jury trial on all issues and claims pursuant to Rule 38 of the Federal Rules of Civil Procedure.

### VENUE

3. Venue is properly laid within the Southern District of the State of New York as

the acts complained of by the Plaintiffs were committed by the Defendants or occurred within said District or Defendants reside in said District.

## PARTIES

4. Plaintiff JING REN CHEN (aka Baozhong Li), a Chinese male, at all times material hereto, was a legal resident or citizen of the United States and resident of the City of New York and State of New York.

5. Plaintiff LIMING YU, a Chinese male, at all times material hereto, was a legal resident of the United States and resident of the City of New York and State of New York.

6. Defendant CITY OF NEW YORK is a municipal corporation organized and existing under the laws of the State of New York, and a governmental subdivision thereof.

7. The New York City Police Department is a departmental agency of Defendant CITY OF NEW YORK and, at all times material hereto, was the employer of Defendant POLICE OFFICER JAMES MALONE (Tax Registry # 935236; Shield # 31420), Defendant POLICE OFFICER JOSEPH McGOVERN (Shield # 01278), Defendant POLICE OFFICER LARS FRANTZEN (Tax Registry # 936615; Shield # 30801), Defendant POLICE OFFICER WILLIAM MUGNO (Shield # 1366), Defendant POLICE OFFICER JOHN DOE 1, Defendant POLICE OFFICER JOHN DOE 2, Defendant POLICE OFFICER JOHN DOE 3, Defendant POLICE OFFICER JOHN DOE 4, Defendant POLICE OFFICER JOHN DOE 5, and Defendant POLICE OFFICER JANE DOE, while employed by the New York City Police Department and acting within the scope of their employment.

8. Defendant POLICE OFFICER JAMES MALONE (Tax Registry # 935236; Shield # 31420), at all times material hereto, was a duly appointed police officer of the New

2

York City Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

9. Defendant POLICE OFFICER JOSEPH McGOVERN (Shield # 01278), at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

10. Defendant POLICE OFFICER LARS FRANTZEN (Tax Registry # 936615; Shield # 30801), at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

11. Defendant POLICE OFFICER WILLIAM MUGNO (Shield # 1366), at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

12. Defendant POLICE OFFICER JOHN DOE 1, at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

13. Defendant POLICE OFFICER JOHN DOE 2, at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

14. Defendant POLICE OFFICER JOHN DOE 3, at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in his

individual capacity and under color of state law and within the scope of his employment.

15.  Defendant POLICE OFFICER JOHN DOE 4, at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

16.  Defendant POLICE OFFICER JOHN DOE 5, at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

17.  Defendant POLICE OFFICER JANE DOE, at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in her individual capacity and under color of state law and within the scope of his employment.

## FACTS UPON WHICH RELIEF IS CLAIMED

18.  On or about July 23, 2005, at approximately 10:00 p.m., on West 42nd Street between 7th and 8th Avenues, in the County, City and State of New York, Plaintiffs Chen and Yu, visual artists, were at said location for the lawful purpose of drawing portraits of passers-by to sell to them.

19.  On or about July 23, 2005, at approximately 10:00 p.m., on West 42nd Street between 7th and 8th Avenues, in the County, City and State of New York, Plaintiff Yu was drawing an individual's portrait when Defendant Police Officer Malone confronted Plaintiff Yu without justification singling him out, telling him to move and threatening to arrest him despite the fact that Plaintiff Yu was not in violation of the law, and despite the presence of non-Asian, non-First Amendment vendors who were allowed to vend without disturbance from Defendant Malone or from any of the Defendants or any other police officers.

4

20. On or about July 23, 2005, at approximately 10:00 p.m., on West 42nd Street between 7th and 8th Avenues, in the County, City and State of New York, Plaintiffs Chen and Yu observed that there were vendors at said location selling, *inter alia*, food, pictures, books, general merchandise, and photographs. Plaintiffs Chen and Yu also observed that Defendants herein and/or other police personnel did not chase away, harass, assault or otherwise interfere with any non-Asian photographers and/or general merchandise and/or food vendors who were present.

21. On or about July 23, 2005, at approximately 10:00 p.m., on West 42nd Street between 7th and 8th Avenues, in the County, City and State of New York, Defendant Malone did in fact arrest Plaintiff Yu, and placed handcuffs tightly on Plaintiff Yu's wrists. The handcuffs hurt Plaintiff Yu's wrists, fingers and hands, causing him pain and swelling.

22. When Defendant Malone arrested Plaintiff Yu, Plaintiff Chen started to write down Defendant Malone's name and shield number on his drawing paper. Not being able to entirely see Defendant's name and shield number, Plaintiff Chen asked Defendant Malone for his name and shield number. Defendant Malone displayed anger.

23. Defendant Malone then grabbed Plaintiff Chen's drawing paper and very angrily threw it on the ground. When Plaintiff Chen bent down to pick up his drawing paper, approximately 6 to 8 police officers, including Defendants herein, jumped him from behind. Assaulting him and using excessive force, said Defendants threw Plaintiff Chen onto the ground, handcuffed his wrists tightly and roughly, put their knees roughly and forcefully into his back, punched him in the head with their fists, put their feet onto his head, and generally overpowered his body in an extremely rough, painful and abusive way. Defendants' handcuffing and assault of Plaintiff Chen caused him pain, swelling and injuries as well as emotional distress.

5

24. Defendant Malone told Yu to kneel down onto the ground. Plaintiff Yu said to the Defendant Police Officers not to hurt Plaintiff Chen. Then, assaulting him and using excessive force, approximately 4 to 5 police officers, including Defendants herein, pushed Plaintiff Yu onto the ground, put their knees roughly and forcefully into his back, punched his head with their fists, hurt his chest, knocked his elbow onto the pavement, and generally overpowered his body in an extremely rough, painful and abusive way. During the assault upon, Plaintiff Yu, one of the Defendants said to him: "Fuck you. You want to die?" Defendants' assaults of Plaintiff Yu caused him pain and injuries as well as emotional distress.

25. As Plaintiffs Chen and Yu lay on the ground for approximately 10-20 minutes after being assaulted by Defendants herein, they were injured, hurt and in pain, dizzy, dazed and confused.

26. Unable to walk after being assaulted by Defendants, approximately 4 of the Defendants carried Plaintiffs Chen and Yu into a police van.

27. While in the police van, Defendant Malone asked Plaintiff Yu if he wanted to go home or go to jail. Plaintiff Yu told Defendant Malone that he wanted to go to the hospital. Plaintiff Yu was hurt and in pain, and he had chest or heart pain.

28. Plaintiffs were driven to a police station in the police van, and were taken into the police station by approximately 4 police officers.

29. While in the police station, Defendant Malone again asked Plaintiff Yu if he wanted to go home or go to jail. Plaintiff Yu told Defendant Malone that he wanted to go to the hospital. Plaintiff Yu still was injured, hurt and in pain, and he still had chest or heart pain.

30. Plaintiffs Chen and Yu spent approximately 2 hours in the police station, and

6

then were taken downtown to Central Booking. Plaintiffs Chen and Yu told the police officers at Central Booking that they wanted to go to the hospital. Within approximately one hour, Plaintiffs Chen and Yu finally were taken to Bellevue Hospital. Plaintiffs' prior requests for medical treatment had been ignored by Defendants.

31. Plaintiffs were admitted into Bellevue Hospital in he early morning hours of July 24, 2005. At Bellevue Hospital, Plaintiffs Chen and Yu were examined, including being given x-rays, CT scans and blood tests, and were treated.

32. Plaintiff Yu was discharged from Bellevue Hospital later on July 24, 2005.

33. Plaintiff Yu was taken back to Central Booking and then to Criminal Court, 100 Centre Street, New York, New York, where he was arraigned on misdemeanor and violation charges on July 24, 2005. Plaintiff Yu was released on his own recognizance very late on July 24, 2005, and left the courthouse.

34. Shortly after leaving the courthouse, while still in the vicinity of the courthouse, Plaintiff Yu felt chest pain and dizziness due to the July 23, 2005 assault by the Defendants and he collapsed in the street. An ambulance took Plaintiff Yu to New York Downtown Hospital where he was admitted in the very early morning of July 25, 2005. At New York Downtown Hospital, Plaintiff Yu was examined, including being given x-rays, CT scans and blood tests, and treated. Plaintiff Yu was discharged from New York Downtown Hospital on July 27, 2005.

35. Plaintiff Yu also received subsequent medical treatment for the injuries he sustained as a result of Defendants' July 23, 2005 assault upon him.

36. Plaintiff Chen was not discharged from Bellevue Hospital until July 27, 2005.

7

During his admission to Bellevue Hospital, Plaintiff Chen was arraigned on misdemeanor and violation charges on July 26, 2005, and he was remanded. After his discharge from Bellevue Hospital, Plaintiff Chen was taken to the Criminal Court, Arraignment Part, 100 Centre Street, New York, New York, and he was released on his own recognizance on July 27, 2005.

37. Plaintiff Chen received subsequent medical treatment for the injuries he sustained as a result of Defendants' July 23, 2005 assault upon him.

38. As a result of the July 23, 2005 assaults and arrests, Plaintiffs Chen and Yu were unable to work or engage in their usual activities for approximately one week.

39. As a result of the July 23, 2005 assaults, Plaintiff Chen's abilities to work and/or engage in his usual activities were limited for approximately two months, and Plaintiff Yu's abilities to work and/or engage in his usual activities were limited for approximately four months.

40. With respect to the July 23, 2005 Arrests, Defendants Police Officers Malone and McGovern improperly, wrongly and falsely accused Plaintiffs Chen and Yu of violations of the following Sections of the Penal Law of the State of New York: (1) 120.00(1) (assault in the 3rd degree) (both Plaintiffs); (2)120.00(2) (assault in the 3rd degree) (both Plaintiffs); (3) 205.30 (resisting arrest) (both Plaintiffs); (4)195.05 (obstruction of governmental administration in the 2nd degree) (both Plaintiffs); (5) 110/120.00(1) (attempted assault in the 3rd degree) (both Plaintiffs); (6) 240.26(1) (harassment in the 2nd degree) (both Plaintiffs); (7) 240.20(5) (disorderly conduct) (Plaintiff Yu); and (8) 240.20(1) (disorderly conduct) (Plaintiff Chen).

41. On or about July 23, 2005, at approximately 10:00 p.m., on West 42nd Street between 7th and 8th Avenues, in the County, City and State of New York, Defendants Police

Officers Malone and McGovern maliciously and falsely placed Plaintiffs Chen and Yu under

arrest, without probable cause, for a violations of the aforementioned Sections of the Penal Law

of the State of New York.

42. On or about July 24, 2005, Defendants Police Officers Malone and

McGovern caused to be docketed in the Criminal Court of the City of New York, County of New

York, a Criminal Court complaint, under Docket Numbers 2005NY050709 (re: Plaintiff Yu) and

2005NY050710 (re: Plaintiff Chen), charging Plaintiffs Chen and Yu with violations of the

following Sections of the Penal Law of the State of New York: (1) 120.00(1) (assault in the 3rd

degree) (both Plaintiffs); (2)120.00(2) (assault in the 3rd degree) (both Plaintiffs); (3) 205.30

(resisting arrest) (both Plaintiffs); (4)195.05 (obstruction of governmental administration in the

2nd degree) (both Plaintiffs); (5) 110/120.00(1) (attempted assault in the 3rd degree) (both

Plaintiffs); (6) 240.26(1) (harassment in the 2nd degree) (both Plaintiffs); (7) 240.20(5)

(disorderly conduct) (Plaintiff Yu); and (8) 240.20(1) (disorderly conduct) (Plaintiff Chen).  Said

Criminal Court complaint was dismissed in its entirety as to both Plaintiffs Chen and Yu on or

about January 8, 2007.

43. As a result of their July 23, 2005 arrests and the resultant Criminal Court cases

regarding Docket Numbers 2005NY050709 and 2005NY050710, Plaintiffs Chen and Yu

appeared in the Criminal Court of the City of New York numerous times, as they were required

to do, including without limitation on or about July 24, 2005 (Plaintiff Chen's Bellevue Hospital

arraignment), July 26, 2007, July 27, 2005, September 6, 2005, October 20, 2005, November 14,

2005, January 4, 2005, February 8, 2006, March 23, 2006, May 3, 2006, June 28, 2006,

September 7, 2006, October 26, 2006, and January 8, 2007.

9

44.  During the course of the July 23, 2005 arrests, Defendants Police Officers Malone, McGovern, Frantzen, Mugno, John Doe 1, John Doe 2, John Doe 3, John Doe 4, John Doe 5, and Jane Doe used excessive force on Plaintiffs Chen and Yu.  As a result of the aforementioned assaults and handcuffing  in connection with Plaintiffs Chen's and Yu's July 23, 2005 arrests, Plaintiff Chen and Yu were physically injured and suffered bruising, swelling and pain to their wrists, hands, fingers, shoulders, arms, chests, backs, heads and legs due to the actions of said Defendants.  Plaintiffs Chen and Yu also suffered dizziness and headaches. Plaintiff Chen still suffers pain and swelling in his right hand.  Plaintiff Yu still suffers pain and discomfort in his upper left chest.

45.  As a result of their July 23, 2005 arrests, Plaintiffs Chen and Yu spent time in the custody of Defendants, as well as in the custody of the New York City Police Department, the New York City Department of Correction and Bellevue Hospital.

46.  As a result of their July 23, 2005 arrests, Plaintiffs Chen and Yu spent time handcuffed and/or in jail cells.

47.  As a result of their July 23, 2005 arrests, Plaintiff Chen spent approximately four days in custody and Plaintiff Yu spent approximately 27 hours in custody.  Plaintiffs Chen and Yu suffered pain, discomfort, and emotional distress during the time they were held in custody and for a period of time thereafter, and they continue to be fearful.

48.  During the course of their arrests, Defendants searched Plaintiffs Chen and Yu.  During the searches, Defendants also searched Plaintiffs Chen's and Yu's wallets.  When Plaintiff Chen got his wallet back a $20 bill was missing which was never returned to him.

49.  While Plaintiffs Chen and Yu were in custody in connection with their July

10

23, 2005 arrests, items of their personal property were lost, damaged and/or destroyed by Defendants and have never been recovered. Said lost, damaged and/or destroyed items include, without limitation, a cell phone, a suitcase, two cameras, two bracelets, various artist supplies, pens, art books, and wearing apparel. In addition, while Plaintiff Chen was in custody his personal vehicle, which he had left legally parked, received two parking tickets.

50. Defendants City of New York and Police Officers Malone, McGovern, Frantzen, Mugno, John Doe 1, John Doe 2, John Doe 3, John Doe 4, John Doe 5, and Jane Doe committed the above actions and engaged in the conduct described above with regard to Plaintiffs Chen's and Yu's July 23, 2005 assaults and arrests for Docket Numbers 2005NY050709 and 2005NY050710 for the common purpose of implementing the false and illegal arrests and malicious prosecutions of and assaulting Plaintiffs Chen and Yu in violation of their constitutional and civil rights, even though Plaintiffs Chen and Yu were not in violation of the aforementioned statutes or other laws, and other non-Asian non-First Amendment vendors were allowed to vend undisturbed.

51. On or about January 8, 2007 all charges against Plaintiffs Chen and Yu with regard to their July 23, 2005 arrests for Docket Numbers 2005NY050709 and 2005NY050710 were dismissed in the Criminal Court of the City of New York, New York County.

52. The charges against Plaintiffs Chen and Yu with regard to their July 23, 2005 arrests for Docket Numbers 2005NY050709 and 2005NY050710 were wholly resolved in their favor.

53. With regard to Plaintiffs Chen's and Yu's July 23, 2005 arrests for Docket Numbers 2005NY050709 and 2005NY050710, Defendants City of New York and Police

11

Officers Malone, McGovern, Frantzen, Mugno, John Doe 1, John Doe 2, John Doe 3, John Doe 4, John Doe 5, and Jane Doe were without probable cause or justification to assault, arrest, charge or prosecute or to cause the assault, arrest, charging or prosecution of Plaintiffs Chen and Yu. Said Defendants are responsible for their acts and for the assault, arrest, charging and prosecution caused by them.

54. Defendant City of New York engages in a policy, practice, pattern and/or custom of assaulting, harassing and arresting artists in facts and circumstances similar to those alleged with regard to Plaintiffs Chen's and Yu's July 23, 2005 arrests for Docket Numbers 2005NY050709 and 2005NY050710.

55. Defendant City of New York engages in a policy, practice, pattern and/or custom of arresting artists, particularly artists of Asian descent, in facts and circumstances similar to those alleged with regard to Plaintiffs Chen's and Yu's July 23, 2005 arrests for Docket Numbers 2005NY050709 and 2005NY050710.

56. As a direct and proximate consequence of the matters alleged with regard to Plaintiffs Chen's and Yu's arrests for Docket Numbers 2005NY050709 and 2005NY050710, Plaintiffs Chen and Yu suffered assault, physical injuries and disabilities, physical pain and discomfort, emotional trauma, fear, anguish, humiliation, embarrassment and insult, loss of income, and loss of personal property and monetary expenses.

57. Defendant City of New York is and has been engaged in a pattern of activity designed to deprive Plaintiffs and others similarly situated of their rights under the First Amendment of the United States Constitution, as well as Article 1 Section 8 of the Constitution of the State of New York. Defendants have specifically targeted Plaintiffs and others for arrests,

12

the issuance of summonses, assault, harassment and general interference with their ability to disburse and dispense expressive materials in accordance with their federal and state Constitutional rights. Defendants have, among other things, falsely accused Plaintiffs of committing crimes or violations of the Penal Law of the State of New York and other laws when they have not committed said crimes or violations; selectively enforced laws against Plaintiffs while allowing non-First Amendment vendors to continue to sell goods undisturbed; rousted Plaintiffs from their locations in favor of non-Asian, non-First Amendment vendors; destroyed property; and/or issued summonses in retaliation for a Plaintiff's questioning an individual Defendant's actions. The conduct of Defendants is in violation of Plaintiffs' Fourth Amendment rights to be free from unlawful seizure, as well as in violation of their First Amendment rights due to Defendants' motive of thwarting Plaintiffs' constitutionally-protected First Amendment activity. Plaintiffs and other First Amendment vendors have been improperly and unconstitutionally targeted by Defendants due to their being of Asian descent, and Defendants' campaign against First Amendment vendors has unconstitutionally impacted persons of Asian descent, and Defendants' conduct has been in deprivation of Plaintiffs' right to Equal Protection under the law.

58. Defendants have singled out artists and committed the above actions and engaged in the conduct described above with regard to Plaintiffs' assaults and arrests, described in all preceding paragraphs, as well as other assaults and arrests, while simultaneously allowing food vendors, general merchandise vendors and others to vend on the public streets and other public areas of the City of New York, for the common purpose of discouraging and chilling Plaintiffs and other artists from drawing portraits of passers-by and otherwise engaging in their

13

art in the public streets and other public areas of the City of New York in violation of Plaintiffs'
and said other artists' constitutional and civil rights.

59. Defendants have singled out artists, particularly artists of Asian descent, and
committed the above actions and engaged in the conduct described above with regard to
Plaintiffs' assaults and arrests, described in all preceding paragraphs, as well as other assaults
and arrests, while simultaneously allowing food vendors, general merchandise vendors and
others to vend on the public streets and other public areas of the City of New York, for the
common purpose of discouraging and chilling Plaintiffs and other artists, particularly artists of
Asian descent, from drawing portraits of passers-by and otherwise engaging in their art in the
public streets and other public areas of the City of New York in violation of Plaintiffs' and said
other artists' constitutional and civil rights.

60. Defendants committed the above actions and engaged in the conduct
described above with regard to Plaintiffs' assaults and arrests, described in all preceding
paragraphs, as well as other assaults and arrests, for the common purpose of discouraging and
chilling Plaintiffs and other artists from drawing portraits of passers-by and otherwise engaging
in their art in the public streets and other public areas of the City of New York in violation of
Plaintiffs' and said other artists' constitutional and civil rights.

61. Defendants committed the above actions and engaged in the conduct
described above with regard to Plaintiffs' assaults and arrests, described in all preceding
paragraphs, as well as other assaults and arrests, for the common purpose of discouraging and
chilling Plaintiffs and other artists, particularly artists of Asian descent, from drawing portraits of
passers-by and otherwise engaging in their art in the public streets and other public areas of the

14

City of New York in violation of Plaintiffs' and said other artists' constitutional and civil rights.

## COUNT I

### (VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS, ILLEGAL SEIZURE/FALSE ARREST)

62. Plaintiffs restate and realleges paragraphs 1 - 61 *in haec verba*.

63. By the conduct alleged herein, the Defendants deprived Plaintiffs of their rights to be free from unlawful seizure, arrest, search, detention, and imprisonment, as secured by the Fourth and Fourteenth Amendments to the United States Constitution.

64. The conduct of Defendants, and each of them, deprived Plaintiffs of the following rights, privileges and immunities secured to them by the Constitution of the United States: The right of Plaintiffs to be secure in their persons and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States, the right of Plaintiffs to freedom of expression under the First Amendment to the Constitution of the United States, and the rights of Plaintiffs to equal protection and due process under the Fourteenth Amendment of the Constitution of the United States.

65. Said acts or omissions, as alleged herein, were done by the Defendants willfully, recklessly and oppressively without legal justification and for the purpose of depriving Plaintiffs of their constitutional rights under the law.

66. The conduct of all named Defendants as described in paragraphs 1 - 65, *supra*, constituted violations of Plaintiffs' civil and constitutional rights, illegal seizures and false arrests, and illegal deprivations of their rights to free expression.

67. The acts, conduct and behavior of Defendants, and each of them, were

15

performed knowingly, intentionally, and maliciously, and without reasonable excuse, by reason of which Plaintiffs are entitled to an award of punitive damages.

WHEREFORE, each Plaintiff prays this Court:

a.   Enter judgment for each Plaintiff as and for compensatory damages in excess of $100,000.00.

b.   Enter judgment for each Plaintiff as and for punitive damages in excess of $100,000.00.

c.   Grant equitable relief enjoining Defendants from unlawfully and discriminatorily arresting and/or issuing summonses to Plaintiffs and/or other Asian vendors and/or other street artists who display their artwork in public places, create their artwork in public places, and/or sell their artwork in public places in violation of the First, Fourth and/or Fourteenth Amendments to the United States Constitution.

d.   Enter judgment for attorneys fees and costs of this action.

e.   Each Plaintiff demands trial by jury of all issues herein.

f.   Grant such other relief that law and justice requires.

## COUNT II

### (VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS, MALICIOUS PROSECUTION)

68. Plaintiffs restate and realleges paragraphs 1 - 67 *in haec verba.*

69. By the conduct alleged herein, the Defendants deprived Plaintiffs of their

rights to be free from unlawful seizure, arrest, search, detention, imprisonment, and malicious prosecution, as secured by the Fourth and Fourteenth Amendments to the United States Constitution.

70. The conduct of Defendants, and each of them, deprived Plaintiffs of the following rights, privileges and immunities secured to them by the Constitution of the United States: The right of Plaintiffs to be secure in their persons and effects against unreasonable search, seizure and malicious prosecution under the Fourth and Fourteenth Amendments to the Constitution of the United States, the right of Plaintiffs to freedom of expression under the First Amendment to the Constitution of the United States, and the rights of Plaintiffs to equal protection and due process under the Fourteenth Amendment of the Constitution of the United States.

71. Said acts or omissions, as alleged herein, were done by the Defendants willfully, recklessly and oppressively without legal justification and for the purpose of depriving Plaintiffs of their constitutional rights under the law.

72. The conduct of all named Defendants as described in paragraphs 1 - 71, *supra*, constituted violations of Plaintiffs' civil and constitutional rights, illegal seizures and false arrests, malicious prosecutions, and illegal deprivations of their rights to free expression.

73. The acts, conduct and behavior of Defendants, and each of them, were performed knowingly, intentionally, and maliciously, and without reasonable excuse, by reason of which Plaintiffs are entitled to an award of punitive damages.

WHEREFORE, each Plaintiff prays this Court:

a.    Enter judgment for each Plaintiff as and for compensatory damages

17

in excess of $100,000.00.

b.    Enter judgment for each Plaintiff as and for punitive damages in excess of $100,000.00.

c.    Grant equitable relief enjoining Defendants from unlawfully and discriminatorily arresting and/or issuing summonses to and/or otherwise initiating prosecutions against Plaintiffs and/or other Asian vendors and/or other street artists who display their artwork in public places, create their artwork in public places, and/or sell their artwork in public places in violation of the First, Fourth and/or Fourteenth Amendments to the United States Constitution.

d.    Enter judgment for attorneys fees and costs of this action.

e.    Each Plaintiff demands trial by jury of all issues herein.

f.    Grant such other relief that law and justice requires.

## COUNT III

### (CIVIL RIGHTS - SELECTIVE ENFORCEMENT AND TREATMENT)

74.   Plaintiffs restate and realleges paragraphs 1 - 73 *in haec verba.*

75.   By the conduct described herein, Plaintiffs were selectively assaulted, searched, arrested, harassed, maliciously prosecuted, and/or otherwise treated discriminatorily in a manner that other non-Asian, non-artist vendors were not treated.

76.   Defendants selectively enforced laws and/or discriminated against Plaintiffs by selectively assaulting, arresting, searching, harassing, maliciously prosecuting, and/or otherwise interfering with and mistreating Plaintiffs in violation of the First, Fourth and

18

Fourteenth Amendments of the United States Constitution.

77. The acts, conduct and behavior of Defendants, and each of them, were performed knowingly, intentionally, and maliciously, and without reasonable excuse, by reason of which Plaintiffs are entitled to an award of punitive damages.

WHEREFORE, each Plaintiff prays this Court:

a. Enter judgment for each Plaintiff as and for compensatory damages in excess of $100,000.00.

b. Enter judgment for each Plaintiff as and for punitive damages in excess of $100,000.00.

c. Grant equitable relief enjoining Defendants from unlawfully and discriminatorily arresting and/or issuing summonses to and/or maintaining prosecutions of Plaintiffs and/or other Asian vendors and/or other street artists who display their artwork in public places, create their artwork in public places, and/or sell their artwork in public places, and from subjecting them to selective, disparate and discriminatory treatment, in violation of the First, Fourth and/or Fourteenth Amendments to the United States Constitution.

d. Enter judgment for attorneys fees and costs of this action.

e. Plaintiffs demand trial by jury of all issues herein.

f. Grant such other relief that law and justice requires.

**COUNT IV**

19

(VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS,
EXCESSIVE FORCE/ASSAULT)

78.  Plaintiffs restate and realleges paragraphs 1 - 77 *in haec verba*.

79.  By the conduct alleged herein, the Defendants deprived Plaintiffs of their rights to be free from unlawful and excessive force and assault as secured by the Fourth and Fourteenth Amendments to the United States Constitution.

80.  The conduct of Defendants, and each of them, deprived Plaintiffs of the right to be secure in their persons and effects against excessive force as secured by the Fourth and Fourteenth Amendments to the Constitution of the United States.

81.  Said acts or omissions, as alleged herein, were done by the Defendants willfully, recklessly and oppressively without legal justification and for the purpose of depriving Plaintiffs of their constitutional rights under the law.

82.  The conduct of all named Defendants as described in paragraphs 1 - 81, *supra*, constituted violations of Plaintiffs' civil and constitutional rights and the illegal use of excessive force against Plaintiffs.

83.  The acts, conduct and behavior of Defendants, and each of them, were performed knowingly, intentionally, and maliciously, and without reasonable excuse, by reason of which Plaintiffs are entitled to an award of punitive damages.

WHEREFORE, each Plaintiff prays this Court:

    a.    Enter judgment for each Plaintiff as and for compensatory damages in excess of $100,000.00.

    b.    Enter judgment for each Plaintiff as and for punitive damages in

excess of $100,000.00.

c.    Grant equitable relief enjoining Defendants from unlawfully and

discriminatorily subjecting Plaintiffs and/or others similarly

situated to the use of excessive force in violation of the First,

Fourth and/or Fourteenth Amendments to the United States

Constitution.

d.    Enter judgment for attorneys fees and costs of this action.

e.    Each Plaintiff demands trial by jury of all issues herein.

f.    Grant such other relief that law and justice requires.

## COUNT V

(CIVIL RIGHTS - POLICY, PRACTICE AND/OR CUSTOM)

84.  Plaintiffs restate and reallege paragraphs 1 - 83 *in haec verba*.

85.  Each of the arrests and incidents of false arrest, selective enforcement,

excessive force, assault, harassment and interference of Plaintiffs were illegal and without

authority of law.

86.  The conduct of all named Defendants as described in paragraphs 1 - 85,

*supra*, were pursuant to a policy, practice, pattern, and/or custom of Defendant City of New York

to illegally and unconstitutionally arrest, prosecute, and/or otherwise engaging in unlawful

conduct against artists, and particularly artists of Asian descent, who lawfully distribute their

work on the sidewalks of New York, in violation of said artists' rights under the First and

Fourteenth Amendments of the United States Constitution. Said policy, practice, pattern, and

custom is reflected not only in the herein Plaintiffs' within assaults and arrests but in their prior

21

illegal assaults and arrests and in the assaults and arrests of other artists as well as in Defendants' conduct.

WHEREFORE, each Plaintiff prays this Court:

a.  Enter judgment for each Plaintiff as and for compensatory damages in excess of $100,000.00.

b.  Grant equitable relief enjoining Defendants from arresting and/or issuing summonses in a selective and/or discriminatory manner to Plaintiffs and/or other Asian vendors and/or other street artists who display their artwork in public places, create their artwork in public places, and/or sell their artwork in public places.

c.  Grant equitable relief enjoining Defendants from selectively ticketing, assaulting, harassing, prosecuting and/or otherwise discriminatorily interfering with Plaintiffs and/or other Asian vendors and/or other street artists when they display their artwork in public places, create their artwork in public places, and/or sell their artwork in public places, in violation of the First and Fourteenth Amendments of the United States Constitution.

d.  Enter judgment for attorneys fees and costs of this action.

e.  Each Plaintiff demands trial by jury of all issues herein.

f.  Grant such other relief that law and justice requires.

## **COUNT VI**

(VIOLATION OF NEW YORK STATE CONSTITUTION -

22

SUPPLEMENTAL CLAIM)

87. Plaintiffs restate and reallege paragraphs 1 - 86 *in haec verba.*

88. This action has been commenced within three years after the causes of action of Plaintiffs accrued.

89. Each of the assaults, instances of excessive force, arrests, prosecutions and other discriminatory and selective treatment of Plaintiffs were illegal and without authority of law.

90. The conduct of all named Defendants as described in paragraphs 1 - 89, supra, constituted violations of New York State constitutional law in that Defendants intentionally and deliberately interfered with Plaintiffs' rights under Article 1 Section 8 of the Constitution of the State of New York guaranteeing freedom of speech and expression; Plaintiffs' rights under Article 1 Section 11 of the Constitution of the State of New York guaranteeing equal protection under the law; and Plaintiffs' rights under Article 1 Section 12 of the Constitution of the State of New York guaranteeing the right to be secure in their persons and property against unreasonable searches and seizures.

91. The amount of damages sought exceeds the jurisdictional limits of all lower New York State Courts which would otherwise have jurisdiction if this action had been brought in State Court.

WHEREFORE, each Plaintiff prays this Court:

      a.     Enter judgment for each Plaintiff as and for compensatory damages in excess of $100,000.00.

      b.     Enter judgment for each Plaintiff as and for punitive damages in

excess of $100,000.00.

c.    Grant equitable relief enjoining Defendants from unlawfully

arresting and/or issuing summonses to Plaintiffs and/or other Asian

vendors and/or other street artists who display their artwork in

public places, create their artwork in public places, and/or sell their

artwork in public places, in violation of Article 1 Section 8, Article

1 Section 11, and/or Article 1 Section 12 of the New York State

Constitution.

d.    Grant equitable relief enjoining Defendants from selectively or

otherwise assaulting, harassing, prosecuting and/or interfering with

Plaintiffs and/or other Asian vendors and/or other street artists

when they display their artwork in public places, create their

artwork in public places, and/or sell their artwork in public places.

e.    Enter judgment for attorneys fees and costs of this action.

f.    Each Plaintiff demands trial by jury of all issues herein.

g.    Grant such other relief that law and justice requires.

## COUNT VII

### (NEGLIGENCE - SUPPLEMENTAL CLAIM)

92.  Plaintiffs restate and reallege paragraphs 1 - 91 *in haec verba*.

93.  This action has been commenced within three years after the causes of action

of Plaintiffs accrued.

94.  Each of the incidents regarding the negligence of Plaintiffs were illegal and

without authority of law.

95. The conduct of all named individual Defendants as described in paragraphs 1 - 94, *supra*, constituted negligence in that said Defendants breached their duties to safeguard Plaintiffs' persons and property while Plaintiffs were in their custody, and to refrain from engaging in conduct which would be reasonably likely to cause damage to Plaintiffs' persons and/or property, and by said breaches caused physical injuries to Plaintiffs and the loss, damage and/or destruction of Plaintiffs' personal property as well as the ticketing of Plaintiff Chen's parked personal vehicle, and which said injuries, loss, damage and/or destruction were reasonably foreseeable by Defendants, all in violation of the laws of the State of New York.

96. The conduct of all named individual Defendants as described in paragraphs 1 - 95, *supra*, was malicious and wanton and constituted gross negligence.

WHEREFORE, each Plaintiff prays this Court:

    a.    Enter judgment for each Plaintiff as and for compensatory damages.

    b.    Enter judgment for each Plaintiff as and for punitive damages.

    c.    Enter judgment for interest and costs of this action.

    d.    Each Plaintiff demands trial by jury of all issues herein.

    e.    Grant such other relief that law and justice requires.

## COUNT VIII

### (CONVERSION - SUPPLEMENTAL CLAIM)

97. Plaintiffs restate and reallege paragraphs 1 - 96 *in haec verba*.

98. This action has been commenced within three years after the causes of action

of Plaintiffs accrued.

99. Each of the incidents regarding the conversion of property belonging to Plaintiffs were illegal and without authority of law.

100. The conduct of all named Defendants as described in paragraphs 1 - 99, *supra*, constituted conversions in that Defendants intentionally, deliberately and without legal justification took Plaintiffs' property from Plaintiffs and/or caused others to take Plaintiffs' property and/or damaged and/or failed to return Plaintiffs' property to Plaintiffs, all in violation of the laws of the State of New York.

WHEREFORE, each Plaintiff prays this Court:

  a. Enter judgment for each Plaintiff as and for compensatory damages.

  b. Enter judgment for each Plaintiff as and for punitive damages.

  c. Enter judgment for interest and costs of this action.

  d. Each Plaintiff demands trial by jury of all issues herein.

  e. Grant such other relief that law and justice requires.

### JURY TRIAL DEMANDED

S/ Donald E. Cameron
DONALD E. CAMERON (DC 9565)
LAW OFFICES OF DONALD E. CAMERON
Attorney for Plaintiffs
139 Fulton Street, Suite 903
New York, New York 10038
(212) 233-3348
declawyer@cs.com

Dated: New York, New York
   July 18, 2008

26

2008 CIV. 6479

### ECF CASE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JING REN CHEN (aka Baozhong Li)
and LIMING YU,

Plaintiffs,

-against-

CITY OF NEW YORK,
POLICE OFFICER JAMES MALONE (Tax Registry # 935236; Shield # 31420),
POLICE OFFICER JOSEPH McGOVERN (Shield # 01278),
POLICE OFFICER LARS FRANTZEN (Tax Registry # 936615; Shield # 30801),
POLICE OFFICER WILLIAM MUGNO (Shield # 1366),
POLICE OFFICER JOHN DOE 1,
POLICE OFFICER JOHN DOE 2,
POLICE OFFICER JOHN DOE 3,
POLICE OFFICER JOHN DOE 4,
POLICE OFFICER JOHN DOE 5,
and POLICE OFFICER JANE DOE,

Defendants.

### COMPLAINT and DEMAND FOR JURY TRIAL

DONALD E. CAMERON (DC 9565)
LAW OFFICES OF DONALD E. CAMERON
Attorney for Plaintiffs
139 Fulton Street, Suite 903
New York, New York 10038
(212) 233-3348
declawyer@cs.com

Dated: New York, New York
July 18, 2008