


| | THE CITY OF NEW YORK | |
|---|---|---|
| MICHAEL A. CARDOZO<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | SHAWN D. FABIAN<br>Assistant Corporation Counsel<br>E-mail: shfabian@law.nyc.gov<br>Phone: (212) 788-0906<br>Fax: (212) 788-9776 |

August 11, 2008

So ordered,
8-13-08
[signature]

**BY HAND DELIVERY**
Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

   Re: Jing Ren Chen, et al. v. City of New York, et al., 08 Civ. 6479 (AKH)

Your Honor:

   I am an Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel of the City of New York, representing defendant City of New York ("City") in the above-referenced matter.[1] Defendant City writes to respectfully request an enlargement of time to answer or otherwise respond to plaintiffs' complaint from August 11, 2008 until October 10, 2008. Plaintiffs' counsel, Donald Cameron, Esq., consents to this request.

   Plaintiffs allege, *inter alia*, that they were falsely arrested, maliciously prosecuted and that excessive force was used against them. In addition to the City of New York, plaintiffs

---

[1] The Court accepted the above-referenced matter as a related case to the consolidated matters of Wang, et al. v. City of New York, et al., 05 Civ. 4679 (AKH) and Zhewg v. City of New York, et al., 05 Civ. 5943 (AKH), where similar allegations were made against defendant City. Defendants note that the two plaintiffs in the above-referenced matter are also plaintiffs in that related matter.

purport to name Police Officers James Malone, Joseph McGovern, Lars Frantzen and William Mugno as defendants.[2]

There are several reasons for seeking an enlargement of time in this matter. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. Further, it is our understanding that the records of the underlying criminal action, including police records, may have been sealed pursuant to New York Criminal Procedure Law § 160.50. Therefore, our office is in the process of forwarding to plaintiffs for execution a consent and authorization for the release of sealed arrest and criminal prosecution records so that defendant City can access the information, properly assess the case, and respond to this complaint. Lastly, plaintiffs allege that excessive force was used against them. Accordingly, it is necessary for our office to obtain plaintiffs' medical records from the period in question, and this office is in the process of forwarding to plaintiffs for execution a medical release.

Defendant City notes for the Court that both of the plaintiffs in the above-referenced matter are also plaintiffs in the related consolidated actions of Wang, et al. v. City of New York, et. al., 05 Civ. 4679 and Zhewg, et al. v. City of New York, et al., 05 Civ. 5943, pending before Your Honor. No previous request for an enlargement to answer has been made by defendant City in this action. Accordingly, defendant City respectfully requests that its time to answer or otherwise respond to the complaint be extended until October 10, 2008.

Thank you for your consideration herein.

Respectfully submitted,

Shawn D. Fabian (SF4606)
Assistant Corporation Counsel
Special Federal Litigation Division

---

[2] According to the docket sheet in the above-referenced matter, individually named defendants Frantzen and McGovern have been served in this matter, but the other individually named defendants have not yet been served. Therefore, should the Court grant this enlargement, it should allow plaintiffs time to serve the remaining individual defendants. If timely served, it may also give this office time to determine, pursuant to Section 50-k of the New York General Municipal law, and based upon a review of the facts of the case, whether we may represent them. *See Mercurio v. The City of New York, et al.*, 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting *Williams v. City of New York, et al.*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

cc: Donald Cameron, Esq. (By First Class Mail)
*Attorney for Plaintiff*
139 Fulton Street, Suite 903
New York, New York 10038